Date signed December 01, 2009



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| HIEN T. NGO | : | Case No. 09-16698WIL |
| | : | Chapter 7 |
| Debtor | : | |
| ------------------------------- | : | |
| VIRGINIA COMMERCE BANK | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 09-0428WIL |
| | : | |
| HIEN T. NGO | : | |
| Defendant | : | |
| ------------------------------- | : | |

### MEMORANDUM OF DECISION

Upon consideration of Plaintiff's Motion for Leave to File Amended Complaint adding paragraph 20 that states as follows:

> 20.  Defendant omitted from her SOFA the conveyance from herself to herself and her husband as tenants by the entireties of that undisclosed property within one year of the filing of the petition.

Upon reflection following the hearing held November 13, 2009, the court retreats from its ruling made in open court and finds that this proposed amendment collides with the 60-day limitations of Bankruptcy Rule 4004(a).  The specific conduct of the Defendant upon which the Plaintiff is relying is just not identifiable in the original Complaint.  *See generally, In re Damrill*, 232 B.R. 767 (BC W.D. Mo. 1999).  The basic factual allegations of the Complaint and the Amended Complaint are not identical.  There is not the linkage between broadbrush allegations of

paragraphs 17-19 of the original Complaint and the proposed amendment to allow the relation back so as to make the new allegation timely under Bankruptcy Rule 4004. However, the court observes that nothing herein prohibits the Trustee from filing an action to avoid what appears to be a fraudulent conveyance. An appropriate order will be entered.

cc:
Joel S. Aronson, Esq., 3 Bethesda Metro Ctr, #460, Bethesda, MD 20814
Edward V. Hanlon, Esq., 5510 Cherrywood Lane, Suite G, Greenbelt, MD 20770
Merrill Cohen, Trustee, 7910 Woodmont Avenue, #1103, Bethesda, MD 20814

**End of Memorandum**